RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE  2010 AUG -3  AM 10: 01
WESTERN DIVISION

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |
|---|---|
| Johnn L. Bullock, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:10-cv-02482-SHM-cgc |
| ) | Jury Demand |
| WORLD SAVINGS BANK, FSB ) | |
| WACHOVIA MORTGAGE, FSB ) | |
| SR VICE PRESIDENT MARY C. REEDER ) | |
| THE CITY OF MEMPHIS, PAMELA POPE ) | |
| JOHNSON, MELISSA PALO, ) | |
|     RESPONDENTS. ) | |

**PLAINTIFF JOHNN L. BULLOCK MOTION TO STRIKE DISMISSAL OF WORLD SAVINGS BANK, FSB, WACHOVIA MORTGAGE, FSB, SR. VICE PRESIDENT MARY C. REEDER,**

    Comes now the Plaintiff, Johnn L. Bullock, respectfully moves this Honorable Court to dismiss the Respondents Motion to Dismiss, pursuant to Rule 12 (d) of the Federal Rules of Civil Procedure, and respectfully submit this Memorandum of Law in Support or their Motion to Strike the Dismissal of the Respondents.

## INTRODUCTION

The Plaintiff avers the Respondents have moved to have claimants case dismissed pursuant to FRCP Rule 12 (b) (6) stating that claimant has failed to state a claim upon which relief can be granted and that claimant's claims of fraud etc… are unspecified. Claimant denies these erroneous allegations of respondents and answers point for point with supporting statutes and case law refuting Respondent's Motion to Dismiss. Claimant asserts that standing case law provides for Claimant to offer evidence & proof for his allegations. The instant question then is how is this to occur procedurally?  The Supreme Court has already ruled in Haines vs. Kerner 409 US 519 (1972) in regards to pro se litigants asserting claims that, *"**We conclude that he is entitled to an opportunity to offer proof,**" **Haines vs. Kerner 409 US 519 (1972)**.*  In this case we have the following scenario as stated from the ruling of the Supreme Court, *"**The District Court granted respondents' motion under Rule 12 (b) (6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief could be granted**",* then , *"**The Court of***

***Appeals affirmed,*** " and afterwards the Supreme court overturned the decision of the District Court and the Appeals court and stated, ***"The only issue now before us is petitioner's contention that the District Court erred in dismissing his pro se complaint without allowing him to present evidence on his claims...allegations such as those asserted by petitioner, however in artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence...we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed Haines vs. Kerner 409 US 519 (1972)***

Again the question is then raised how is this to occur. The Answer is in Rule 26 of the Federal Rules of Civil Procedure which allows for Discovery, and Depositional Testimony. This rule is a part of the Courts Procedure in order to gather the necessary facts and evidence to commence a trial by sharing the prerequisite discovery through depositional testimony. Respondents Claims that Claimant's allegations are not specific and unfounded. Claimant has raised the question of the Bank Directors activities that in his analysis are in direct violation of federal statutes that govern the financial institution. The Bank Directors listed as Respondents and agents of the Institution have oaths that are registered with the United States Comptroller of Currency. This is a statutory requirement according to The National Bank Act of 1864 9 Article 9 Statutes at Large Volume 13 stat 102 38th Congress. As the Claimant has this knowledge a request for a copy of that oath has been made several times through the Freedom of Information Act (USC 5 section 552) through his power of attorney Exhibits F, G, H, I, K and has been denied each time. The importance of acquiring this information is that it specifically provides positive proof that the Bank Directors have an Oath to The National Bank Act. The Bank Act specifically holds the Directors responsible for any violations of its employees in carrying on business (National Bank Act Section 55 Volume 13 Stat 116 38th Congress). Section 53 of the Act holds the Directors personally liable for damages created by the Financial Institution and its agents, employees etc...More specifically the Statute limits these institutions to mortgages for 5 years maximum. Specifically in this case the mortgage was made for more than 5 years. The Institution provided no consideration and no loan, and in fact through Constructive Fraud monetized the Signature of the Claimant and gained a security interest in his property. The Institution came to the table with no assets and pledged no assets in the fraudulent loan. We have made several other claims herein of fraud, violation of federal rights and actions under color of authority all of which require depositional testimony from the Directors who face the shutdown of their Franchise by the Comptroller of the Currency for the United States of America and jail time according to Statute if found Guilty. The National Bank Act although it has sections that have been amended has never been repealed and applies to the above Financial Institution.

## AFFIDAVIT IN SUPPORT OF PETITIONERS ANSWERS TO RESPONDENTS MOTION TO DISMISS

A) DENIED - The Pro Se Litigant is entitled to offer evidence and proof and cannot be barred through accusations of failing to state a claim upon which relief can be granted ***Haines vs. Kerner 409 US 519 (1972)***. We have already shown through the Supreme Court Case noted (which is the Supreme Law of the Land) the following: The Supreme Court has already ruled in Haines vs. Kerner 409 US 519 (1972) in regards to pro se litigants asserting claims that, "***We conclude that he is entitled to an opportunity to offer proof,***" *Haines vs. Kerner 409 US 519 (1972)*. In this case we have the following scenario as stated from the ruling of the Supreme Court, ***"The District***

*Court granted respondents' motion under Rule 12 (b) (6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief could be granted"*, then , *"The Court of Appeals affirmed,* " and afterwards the Supreme court overturned the decision of the District Court and the Appeals court and stated, *"The only issue now before us is petitioner's contention that the District Court erred in dismissing his pro se complaint without allowing him to present evidence on his claims…allegations such as those asserted by petitioner, however in artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence…we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed Haines vs. Kerner 409 US 519 (1972)* Respondents claim that Claimant is making bare legal conclusions that are unsupported by factual allegations is erroneous. It is a fact that the National Bank Act is standing law. It is a fact that the United States Statutes at Large hold legal precedent over Title 12 Banks and Banking which is not even positive law. "United States Code does not prevail over Statutes at Large when the two are inconsistent." *Stephens vs. United States (1943) 319 US 423*. The factual allegations have been made. The Factual and specific allegation Number: 1) The Bank Directors listed as Respondents and agents of the Institution have oaths that are registered with the United States Comptroller of Currency. This is a statutory requirement according to The National Bank Act of 1864 9 Article 9 Statutes at Large Volume 13 stat 102 38th Congress. If this is a fact of law and it is then all other parts of this Act which the claimant is using (along with other law) to support his claims binds the directors and the Financial Institution to this law that is de jure.

B) DENIED – The Plaintiff alleges a breach of contract and once provided with the proper documentation i.e. a true conformed copy, by definition, this will provide the proof of a material alteration. Once the true conformed copy is provided and or identified for my review it will validate all claims of fraud under the National Banking Act, 12 USC Section 29 and will prove a material alteration of the instrument in question. Remedy is offered pursuant to TCA 47-3-305 (a).

C) DENIED – Petitioners complaint alleges on page 5 number 2 …, "All of which are activities affecting, interstate and foreign commerce, in an attempt to enforce an illegal obligation. The following case laws are offered in support that fraud destroyed everything contractually associated with the original negotiable instrument…"

D) DENIED - The issue here of whether the instrument was misread to me or whether there was signature tampering and both exist. First misread here means that something false was being explained when in actuality there was lack of disclosure or disclosure of false information and there were both. It was not disclosed to me that the period of the loan or line of credit was illegal and that it should have been in conformity with federal statutes. This violation created a violation of Tennessee Code Annotated 47-3-305 as well at Uniform Commercial Code 3-3-305 (a) part iii *"Fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms".* The conformed copy and transaction then became illegal as stated in my petition page 8 number 17 which states, "The Plaintiff/Petitioner avers due to the fraudulent nature of the original commercial contractual conveyance Exhibit A and B, 30 year mortgage transaction and the fact the original contract was

3

<u>breached due to the Plaintiff/Petitioner's receipt of a non-conformed copy of this note and of this security instrument at the time of endorsement (endorsement), April 25, 2007</u>"….. The question then would be raised is the note money or a loan? If it was a loan did the purchaser pay the vice president of the Institution and if so where is the transaction and the record of such transaction. If it was a simple passing on of an obligation, the new assignee would need to buy the former interest of the party if it was truly a loan. If that was done, how was it done in conformity with the law?  It stands that the endorsements were a material alteration of the original contract and are apart of a RICO scheme between all parties who are participating in illegal transactions or transactions barred by federal statute 18 USC Section 1344.

E) DENIED – Under Tennessee Law, "the elements of fraud are: (1) an intentional misrepresentation of a material fact, (2) knowledge of representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the requirement that the misrepresentation involved a past or existing fact.  Elements (1) It is a material fact the documents on file in the Shelby County Registers Office being used as conformed copies are not material conformed copies, (2) the Respondents should be well aware of the definition of a conformed copy, Exhibit J (3) the contractual breach in not receiving a true conformed copy, by definition, is the injury alleged that created the breach, (4) the fact that they have lost or misplaced this instrument gives the petitioner a remedy against the enforcement of the obligation pursuant to TCA 47-3-305 (c).

F) DENIED – Proof of the violations alleged in the Petition under the National Banking Act, 12 U. S. C. Section 29 will be affirmed and show violations under 18 USC 1961, 1962 once the Petitioner receives a true conformed copy, by definition.  This will show a material alteration of the instrument, converted into a bond and securitized without consideration offered to the Plaintiff.

G) DENIED – Petitioner due to the breach of contract alleged in his petition has a claim of not receiving a true conformed copy, by definition, and since there is no original conformed copy to ascertain for my records this fulfills the requirements under Tennessee Code Annotated 47-3-305(c), which states, "…An obligor is not obligated to pay the instrument if the person seeking enforcement of the instrument does not have the rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument.  The Petitioner has been unsuccessful at securing a true conformed copy, by definition, for his records and the one currently on file is not a conformed copy, by definition and there are no records of any transfers or assignments in the Shelby County Registers Office giving the Respondents the authority to enforce the obligation.

H) DENIED – Petitioner alleges the contractual obligation was both fraudulent and breached.  The breach provides a remedy for the Petitioner under the Tennessee Consumer Protections Act due to the fact of the enforcement of an unenforceable contractual obligation breached by not receiving a conformed copy, by definition.  The Respondents are using the non-conformed copy to enforce this

debt obligation. The Petitioner alleges a thirty year mortgage is in contravention to the National Bank Act, 12 U. S. C. Section 29.

I) DENIED – The Respondents state, "The Open End Deed of Trust states in pertinent part: Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or ay duty owed by reason of, this security Instrument, <u>until such Borrower or Lender has notified the other party (with such notice given in compliance with Section 12) of such alleged breach and afforded the other party hereto a reasonable period after giving of such notice to take corrective action.</u>" The Plaintiff challenged the debt and received no answer. The validity of the debt obligation was challenged and received by Wachovia Mortgage Corporation's Registered Agent via the United States Postal Service on November, 30, 2009. See Exhibits F, G, H, I and K. **The Petitioner has asked for verification and if verified has promised to work out a reasonable payment and or pay the debt in full. Remedy Requested by the Plaintiff/Petitioner, Page 8 point, 21.** Petitioner was deceived at signing and was not given a true conformed copy, by definition, of the instrument as promised and agreed to under the contractual obligation. And to date has not received a true conformed copy by definition nor had any answers validating the validity of the debt received by the registered agent on November 11, 2009. Exhibit J.

## CONCLUSION

WHEREFORE THE PETITIONER PRAYS,

1. I pray the Honorable Court require the Respondents be compelled to participate in discovery and answer the interrogatives through depositional testimony according to FRCP Rule 34 of the federal rules of civil procedure.
2. I pray the Honorable Court require the Respondents to rebut these accusations point for point with supporting law.
3. I pray the Honorable Court grants a jury trial in this matter to adjudicate the case based on its merits (as requested in the Chancery Court filing).
4. I pray the Honorable Court grants that summary judgment be entered and my relief be granted if Respondent fails to provide discovery pursuant to FRCP Rule 34 or fails to answer this motion point for point in the proper format stating their personal knowledge of the facts.
5. I pray the Honorable Court requires the Respondents to deliver the true conformed copy, by definition, of the instrument registered with the Department of Treasury for inspection and/or review to verify the debt obligation.

*Johnn L. Bullock*
John L. Bullock, Plaintiff
3336 Durford Wood Cove
Memphis, Tennessee [38128]
Tel: 901-386-1788

## Certificate of Service

I, the Plaintiff, Johnn L. Bullock, do hereby certify that on this 3rd day of August, 2010, a copy of the foregoing Motion to Strike Dismissal of World Savings Bank, FSB, Wachovia Mortgage, FSB, Senior Vice President Mary C Reeder, was electronically filed using the CM/ECF system and served on the following via Registered U.S. Mail:

World Savings Bank, FSB, 4101 Wiseman Boulevard, San Antonio, TX 78251, To Wachovia Mortgage, FSB located at 4101 Wiseman Boulevard, San Antonio, TX 78251 and THE CITY OF MEMPHIS, and their Agents Linebarger Goggan Blair & Sampson, LLP, One Commerce Square, 40 South Main Street, Suite 2250, Memphis, Tennessee 38103, C/O Pamela Pope Johnson and Melissa Palo.

*/s/ Johnn L. Bullock*
Johnn L. Bullock, Plaintiff

## Affidavit

I, Johnn L. Bullock being first duly sworn make oath that we have read the foregoing complaint and that the facts stated therein are true and correct to the best of my knowledge, information and belief and in sincerity and truth for causes mentioned in the complaint and that I justly am entitled to the redress sought.

*/s/ Johnn L. Bullock*

Sworn to and Subscribed before me this 3 day of August, 2010