```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
JOHN L. BULLOCK,                    )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )   No. 10-2482-SHM-cgc
                                    )
WORLD SAVINGS BANK, FSB,            )
et al.,                             )
                                    )
        Defendants.                 )
                                    )
```

ORDER STRIKING PLAINTIFF'S "MOTION TO STRIKE"
ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
ORDER EXTENDING PLAINTIFF'S TIME TO RESPOND TO MOTION TO DISMISS
AND
ORDER TO SHOW CAUSE

On May 19, 2010, Plaintiff John L. Bullock, a resident of Memphis, Tennessee, filed a pro se Petition for Action to Quiet Title in the Chancery Court for the Thirtieth Judicial District at Memphis against World Savings Bank, FSB ("WSB"); Wachovia Mortgage ("Wachovia"); Mary C. Reeder, a Senior Vice President at Wachovia Mortgage ("Reeder"); the City of Memphis; Pamela Pope Johnson; and Melissa Palo. (Docket Entry ("D.E.") 1-1.) On June 24, 2010, Defendants WSB, Wachovia, and Reeder removed the case to federal court pursuant to 28 U.S.C. § 1441. (D.E. 1.)[1]

---

[1] Defendants Johnson and Palo have not been served. In an order entered on October 29, 2010, the Court dismissed the action against the City of Memphis. (D.E. 14.)

On July 12, 2010, Defendants WSB, Wachovia, and Reeder filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 8.) On August 3, 2010, Plaintiff filed document, titled "Motion To Strike Dismissal of World Savings Bank, FSB, Wachovia Mortgage, FSB, Sr. Vice President Mary C. Reeder" (D.E. 10), that appears to be a response to the motion to dismiss. The certificate of service for this document states as follows:

> I, the Plaintiff, John L. Bullock, do hereby certify that on this 3rd day of August, 2010, a copy of the foregoing Motion to Strike Dismissal of World Savings Bank, FSB, Wachovia Mortgage, FSB, Senior Vice President Mary C Reeder, was electronically filed using the CM/ECF system and served on the following via Registered U.S. Mail:
>
> World Savings Bank, FSB, 4101 Wiseman Boulevard, San Antonio, TX 78251, To Wachovia Mortgage, FSB located at 4101 Wiseman Boulevard, San Antonio, TX 78251 and THE CITY OF MEMPHIS and their Agents Linebarger Goggan Blair & Sampson, LLP, One Commerce Square, 40 South Main Street, Suite 2250, Memphis, Tennessee 38103, C/O Pamela Pope Johnson and Melissa Palo.

(Id. at 6.)

Plaintiff's certificate of service is defective because a copy was not mailed to the attorney for Defendants WSB, Wachovia, and Reeder. Pursuant to Fed. R. Civ. P. 5(b)(1), "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." These parties are represented by counsel, but Plaintiff certifies that he mailed copies of his motion directly to them, bypassing the attorney who filed the motion to dismiss.[2] Therefore, the Court

---

[2]     Plaintiff, as a pro se litigant, is not an authorized user of the Court's electronic case filing ("ECF") system, and he cannot serve his papers using that means.

STRIKES Plaintiff's Motion to Strike. The Court EXTENDS Plaintiff's time to respond to the motion to dismiss. That response is due fifteen (15) days from the date of entry of this order. All papers filed by Plaintiff should be mailed or personally delivered to counsel for all Defendants remaining in the case and must be accompanied by a certificate of service.

On July 12, 2010, Defendants filed a Motion for a Protective Order Staying Discovery. (D.E. 9.) Plaintiff has not responded to the motion, and the time for a response has expired. Since the filing of this motion, a scheduling order has been entered that sets a discovery deadline of February 11, 2011. (D.E. 11.) The parties may take discovery in accordance with the Federal Rules of Civil Procedure. The motion for a protective order is DENIED.

As previously noted, Defendants Johnson and Palo appear not to have been served. Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than one hundred twenty (120) days have passed since this action was removed from state court. Plaintiff is ORDERED to show cause, within thirty (30) days from the date of entry of this order, why the complaint against Defendants Johnson and Palo should

not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b).

        IT IS SO ORDERED this 10th day of December, 2010.

                                        s/Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE